IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY WILSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.  14-5563 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, PENNSYLVANIA | : | |
| BOARD OF PROBATION AND PAROLE, | : | |
| SANDRA K. KNEEDLER, MINDY LOU | : | |
| GRANDLUND, and R.M. LAWLER, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                            October 31, 2014

The plaintiff *pro se*, Gary Wilson, brings this civil rights action under 42 U.S.C. § 1983. The plaintiff seeks to proceed *in forma pauperis*.  For the reasons discussed below, the court will grant leave to the plaintiff to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous as permitted by 28 U.S.C. § 1915(e)(2)(B)(i).

## I.  ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff, currently incarcerated at the State Correctional Institution at Houtzdale, commenced this action by filing a complaint against the defendants, the Commonwealth of Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, and Sandra K. Kneedler ("Kneedler"), Mindy Lou Grandlund ("Grandlund"), and R.M. Lawler ("Lawler"), on September 26, 2014.[1]  Compl. at 1, Doc. No. 1.  In the complaint, the plaintiff alleges that while being held in the Philadelphia County Prison on burglary and robbery charges,

---

[1] The plaintiff alleges that Kneedler, Grandlund, and Lawler are officials at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), the institution where the plaintiff was previously incarcerated.  Compl. at 2-3.

a judge of the Court of Common Pleas of Philadelphia County sentenced him in an older case to a period of incarceration for a minimum of six months to a maximum of 23 months.[2]  *Id.* at 2.  In May 1990, another judge sentenced the plaintiff to a period of incarceration for a minimum of seven years to a maximum of 20 years.  *Id.*  The plaintiff alleges that the maximum sentence date for this sentence was March 23, 2009.  *Id.*

The plaintiff avers that after being recommitted to SCI-Huntingdon in 2008, Kneedler and Grandlund modified his original sentence and changed his maximum sentence date from March 23, 2009, until October 17, 2009.[3]  *Id.* at 3.  Upon learning of this modification, the plaintiff submitted grievances and other requests to prison administrators to correct the error.  *Id.*

Although this is somewhat unclear, it appears that the plaintiff was released from imprisonment in 2009.  *Id.* at Ex. 12.  It also appears that the plaintiff was (1) found guilty of the new criminal charges in May 2013, (2) sentenced to a term of state imprisonment on those charges in July 2013, and (3) recommitted to prison as a convicted parole violator in 2013.  *Id.*

The essence of the plaintiff's claims relate to his contention that the defendants improperly calculated his sentence.  *Id.* at 3, "3a."  Despite his grievances and appeals on this issue, the defendants failed to recalculate his sentence.  *Id.*  Thus, the plaintiff alleges that the defendants "took only ineffectual action under the circumstances" and were deliberately indifferent to him serving an improper sentence.  *Id.* at "3a."  Although the precise amount of damages requested is somewhat unclear, the plaintiff appears to seek a total of $7,900,000 in damages.  *Id.* at 6.

---

[2] The plaintiff does not specify the date of sentencing.
[3] It appears that the plaintiff was recommitted after he was arrested for new criminal charges.  *See* Compl. at Ex. 12.

On September 29, 2014, the plaintiff filed an "Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs" (the "IFP Motion"). The IFP Motion is ripe for disposition.

## II. DISCUSSION

### A. The IFP Motion

Regarding motions to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing motions to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[4]

Concerning the litigant's financial status, the litigant must establish that he is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

---

[4] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

After reviewing the IFP Motion, it appears that the plaintiff is unable to pay the costs of suit.  Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

## B.  Review Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted").  A complaint is frivolous under Section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  In addressing whether a *pro se* plaintiff's complaint is frivolous, the Court must liberally construe the allegations in the complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Regarding the analysis under Section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, the plaintiff has attempted to raise a claim and seek damages under 42 U.S.C. § 1983 due to the defendants' allegedly unconstitutional miscalculation of his sentence.    When a plaintiff seeks

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (internal footnote omitted).  In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

After reviewing the allegations in the complaint, the plaintiff is attempting to maintain the type of claim that the Supreme Court has explained is not cognizable under section 1983.  In this regard, the plaintiff does not allege that any court or agency has invalidated his sentence as calculated by the defendants.  Therefore, his claims are not cognizable in a civil rights action under section 1983 because any success on those claims would necessarily demonstrate the invalidity of the duration of the plaintiff's confinement.  *See Gause v. Haile*, 559 F. App'x 196, 198-99 (3d Cir. 2014) (per curiam) ("[A] ruling that Gause was held in excess of the maximum sentence would necessarily imply the invalidity of his 'confinement or its duration,' and would therefore violate *Heck*."); *Royal v. Durison*, 254 F. App'x 163, 165 (3d Cir. 2007) (concluding that *Heck* barred plaintiff's claims that he was incarcerated beyond his maximum sentence and that prison officials failed to properly investigate whether his sentence had been improperly

calculated); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to a claim of unlawful detention based on parole board decision).[5]

Although the court will dismiss the complaint, the court must also address whether to provide the plaintiff with leave to amend the complaint.   A district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile.   *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).   Here, allowing the plaintiff to amend the complaint would be futile because it is apparent that his claims are not cognizable and the plaintiff cannot cure this deficiency.   Accordingly, the court will not permit the plaintiff to file an amended complaint.

### III.   CONCLUSION

For the reasons set forth above, the Court will (1) grant the plaintiff leave to proceed *in forma pauperis*, and (2) dismiss the complaint with prejudice because it is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).   An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[5] While unclear from the allegations in the complaint, to the extent that the plaintiff is alleging that he is currently incarcerated for a longer period than mandated by his sentence, the court notes that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).